Sikora, J.
FACTUAL AND PROCEDURAL BACKGROUND
The parties have submitted, and the court has approved, a settlement of the present action. The plaintiffs Kelly Roy and her minor daughter Kassandra A. Norcross have agreed to settle their claims for personal injury against the defendant parties.
As part of the total resolution of the case, the court must determine a reasonable award of attorneys fees and expenses claimed by the plaintiffs’ original litigation counsel, the firm of Ellis & Ellis of Worcester. The following basic, undisputed facts emerged from the presentations of all counsel at a hearing of October 18, 1996.
The Ellis firm commenced the action in behalf of the plaintiffs. Early in the litigation they replaced the firm with attorney Daniel W. Cronin of Leominster. Attorney Cronin amended the complaint so as to add two parties as defendants, conducted discovery and certain motions practice, and negotiated an ultimate settlement for the two plaintiffs in a total amount of $42,500 ($33,000 for the daughter Kassandra; $8,500 for the mother Kelly).
Pursuant to G.L.c. 221, §50, the Ellis firm filed a petition for a lien for its reasonable fees and expenses. The firm itemized time-based fees of a total of $8,325.42; and disbursements of $ 1,013.02; or a total lien claim upon the settlement proceeds of $9,333.47. (It is unclear whether the Ellis firm is presenting the itemization as a claim based on a contract with the clients or based upon a quantum meruit entitlement resulting from the clients’ termination of a contract. That distinction will turn out to be immaterial in light of the solution emerging below.)
Most of the Ellis itemization of fees and expenses covers the period of April 1993 through December 1994 before the commencement of formal litigation in this court in January, 1995. As of that time the firm had negotiated from the defendants’ insurers an aggregate settlement offer of $24,000 to $27,000 (different reports of counsel). Work by attorney Cronin over the next year and a half increased the settlement result to the $42,500.
Attorney Cronin made a contingent fee agreement with the plaintiffs; it entitled him to one-third of the recovery (and presumably to reimbursement of expenditures). His contractual share of the present recovery would ordinarily come to $14,166.67.
In the circumstances, to what amount of payment is Ellis & Ellis fairly entitled in satisfaction of its statutory attorneys’ lien? Under G.L.c. 221, §50, awards should be reasonable, and the attorneys’ work should be efficient. Edgerly v. Commonwealth, 379 Mass. 183, 185-89 (1979). The usual standards of fairness and reasonableness operate: (1) ability and reputation of counsel; (2) demand for his or her services by others; (3) the amount and importance of the matter at issue; (4) the time invested; (5) the prices usually charged for similar services by comparable lawyers in the community; and (6) the results achieved. See especially Mulhern v. Roach, 398 Mass. 18, 24 (1986); First National Bank of Boston v. Brink, 372 Mass. 257, 264-265 (1977); and Cummings v. National Shawmut Bank of Boston, 284 Mass. 563, 569 (1933). For several reasons, a fair number has emerged in this case without the need for an exhaustive application of each of these guidelines.
First, at hearing the attorneys closed much of the distance between their prior positions.[1] Ellis & Ellis reduced its demand from $9,333.47 to $5,022.00; Mr. Cronin, as present counsel for the plaintiffs, increased their offer from $1,500.00 to $3,000.00 and reported his willingness to contribute 50% of any ultimate lien award from his own fee. Consequently the adversaries are presently only $2,022 apart as a matter of voluntary compromise. I take those figures as rational boundaries and reason as follows in light of the itemized criteria, especially the results obtained and the work invested by the respective law offices.
Upon the existing information I would credit the Ellis firm with $25,000 of the overall recovery; and attorney Cronin with the incremental $17,500.
The Ellis firm has itemized 61.65 hours for compensation. Its hourly rates for attorneys ($150.00) and paralegals ($75.00) are reasonable in the Massachusetts litigation communiiy. However I find portions of that total to be inadequately explained, and make the following subtractions:
(a) periodic half-hour reviews of the file by lawyers for unspecified purposes, a reduction from 12.00 hours to 4.00 hours (or $1,200.00);
(b) telephone calls of unspecified substance and duration, a reduction from 21.25 hours to 7.25 hours (or $2,100.00);
*559 (c) review and preparation for the lien hearing of October 24, 1996, a reduction from 4.00 paralegal hours to 1.5 such hours (or $337.50); or
(d) an aggregate subtraction of $3,637.50.
The subtraction of $3,637.50 from Ellis’ itemized fee request of $8,325.45 yields a net fee entitlement of $4,688.95.
At hearing, Ellis offered to accept reimbursement for half its itemized disbursements of $1,013.02, or to accept a net reimbursement of $506.51.
In sum, these subtractions would leave Ellis & Ellis with a lien award of $5,195.46.
If one focuses instead upon the result achieved by the respective offices, Ellis might claim a result of about $25,000 and Cronin of about $17,500. However those apportioned results do not lead reliably to a fee measurement or formula because we cannot know whether the first amount of $25,000 constituted an easier achievement and the additional amount a more arduous or hard-fought gain.
Several other factors are unknown. I do not consider them in the computation: (a) the validity of any grounds of dissatisfaction causing the plaintiffs to terminate the Ellis firm; (b) attorney Cronin’s quantiiy of hours (not submitted); and (c) the amount of any referral fee apparently carved out of the one-third contingency by attorney Cronin for an intermediary attorney recommending him to the plaintiffs as successor to the Ellis firm; it is subsumed in the one-third amount received by him.
A final special equity deserves mention. Attorney Cronin has offered to pay half of any lien award to the Ellis firm in order to mitigate the obligation of the plaintiffs to pay two law offices and the risk of redundant payments as a result of their change of counsel.
In these total circumstances, I find an award of $4,900 to the Ellis firm to be reasonable. As to that firm, it approximates the amount for which it was willing to settle ($5,022.00) and the amount of reasonably substantiated time in its itemization ($5,195.46). As to attorney Cronin, it increases his contribution from the $1,500 (half of $3,000) (which he was willing to pay) to $2,450 (half of $4,900), a moderate increase of $950.
As to the clients, it increases their contribution also from $1,500 (half the offered $3,000) to $2,450 (half the resulting $4,900), or by a moderate increment of $950.
In circumstances in which the ultimate quality and quantity of professional services are not determinable by a detailed evidentiary proceeding (and most probably not worth that additional time, effort, and expense for the participants), this approximation seems rational and practical.
ORDER
Upon the plaintiffs’ petition under G.L.c. 221, §50, the court hereby determines the reasonable amount of the attorneys’ lien asserted by the law firm of Ellis & Ellis to be $4,900.00, and orders payment of that sum within a reasonable time, or 30 days, of the date of this decision.

I regard the lawyers’ concessions to supersede their earlier written arguments in support of more extreme positions. Mr. Cronin in his papers had pointed out that the Ellis firm had accumulated the great bulk of its hours before commencement of suit in January of 1995, a circumstance calling into question the compensability of that time under the statute’s language confining a lien to the time period “from the commencement of an action” onward. In counterpoint, however, the Ellis firm could reason that its pre-litigation efforts had extracted a settlement offer of about $25,000.00 and that termination of their office by the client without sound cause would expose the client to a time-based quantum meruit fee obligation of some size.